**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XU LI,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　Respondent. | No. 13-73379<br><br>Agency No. A099-705-814<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:　　LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

　　Xu Li, a native and citizen of China, petitions pro se for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Li's testimony and his household registry and his unresponsiveness when confronted with those inconsistencies. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of the circumstances"). Li's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Li's contention that his documentary evidence overcomes the agency's adverse credibility finding. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (corroboration documents not sufficient to rehabilitate testimony). In the absence of credible testimony, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**